1
2
3
4
5

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MICHAEL CHAVEZ, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, a Delaware Corporation, <br><br> Defendant. | No. <br><br> COMPLAINT FOR DAMAGES <br><br> **JURY TRIAL REQUESTED** |

Plaintiff Michael Chavez, through his undersigned attorneys of record, brings this action

against Defendant Amazon.com, Inc. ("Amazon") for damages as follows.

## I.   JURISDICTION AND VENUE

1.1     This Complaint asserts claims of discrimination and retaliation based on the

Americans with Disabilities Act ("ADA") 42. U.S.C. § 12101-02, and Jurisdiction is conferred

on this court by 28 U.S.C. § 1331.

1.2     This Complaint also asserts state law claims for discrimination and retaliation in

violation of RCW Chapter 49.60, as well as state law claims of wrongful termination in violation

of public policy over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. §

1367.

COMPLAINT  – 1

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

1       1.3     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 where

2   Defendant does business and where the unlawful acts or omissions giving rise to this claim

3   occurred.

4   **II.**      **PARTIES**

5       2.1    Plaintiff Michael Chavez resides in King County, Washington and performed his

6   work for Defendant in Seattle, King County, Washington.

7       2.2    At all times relevant to this action, Defendant Amazon.com, Inc. ("Amazon") was

8   a Delaware corporation, with its principal place of business in Seattle, Washington. Defendant

9   Amazon does business throughout the United States, including the State of Washington where

10  Plaintiff worked.

11

12  **III.**     **STATEMENT OF FACTS**

13      3.1    Defendant Amazon is a multinational technology company based in Seattle,

14  Washington, that focuses on e-commerce, cloud computing, digital streaming, and artificial

15  intelligence.

16      3.2    Defendant Amazon employs over one million employees.

17      3.3    Mr. Chavez began working for Amazon on September 5, 2017.  Mr. Chavez was

18  hired as a "Business Analyst 5."  He worked forty hours per week on a Monday through Friday

19  schedule.  Typically, Mr. Chavez worked in the Amazon offices located at 1915 Terry Ave

20  Seattle, WA 98101. There were nine co-workers assigned to his team. He was the sole Business

21  Analyst for his team. Many of his co-workers were permitted to work remotely in the alternative

22  to working onsite.

23      3.4    Between his hire date and April 2018, Mr. Chavez suffered from a decline in

24  health due to an increase in epileptic episodes (seizures). Mr. Chavez was told by his physician

COMPLAINT   – 2

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

1 they were stress induced. Per physician-instruction, Mr. Chavez applied for a Medical Leave of

2 Absence with Amazon in April 2018 and was approved by Amazon for six months of medical

3 leave due to his declining health.

4     3.5   Mr. Chavez's leave was extended until February 19, 2019 on account of his health

5 condition. Amazon approved this extension.

6     3.6   On the second week of his return to work, about March 5, 2019, Mr. Chavez's

7 manager, Samir Kopal, scheduled a one-on-one meeting with him to discuss his transition back

8 to full-time work. During the meeting, Mr. Kopal told Mr. Chavez that he would be given an

9 opportunity to transition slowly back into working so that he could be successful.

10     3.7   Upon returning to work, Mr. Chavez emailed Amazon's Human Resources

11 department to request a reasonable accommodation in the form of a flexible schedule for the

12 times Mr. Chavez were to endure an epileptic event. Mr. Chavez requested that he be able to

13 work from home one to two days per week, if necessary during those times. Mr. Chavez

14 received instructions on how to file a reasonable accommodation request in accordance with the

15 ADA and Amazon's internal policy and did so, including submitting a letter signed by his

16 doctor stating that his request was medically necessary. Mr. Chavez's submission was

17 completed on about March 4, 2019.

18     3.8   Mr. Chavez's request was not approved. Instead, on April 30, 2019, Amazon

19 approved an accommodation of two days of remote work per month, which did not address Mr.

20 Chavez's condition adequately.

21     3.9   In the timeframe Mr. Chavez's request for an accommodation was pending, on

22 April 2, 2019, Mr. Kopal scheduled a second one-on-one meeting with Mr. Chavez. In this

23 meeting, Mr. Chavez told him that he was interested in becoming an engineer at Amazon. Mr.

24 Kopal responded by laughing. Mr. Kopal then told Mr. Chavez should "take [his] Amazon

COMPLAINT – 3

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel: 206-521-5989
Fax: 888-521-5980

1  badge and go join a startup." Mr. Kopal then told him how he is too slow in completing tasks

2  and not performing at his job's required performance level. Mr. Kopal also told Mr. Chavez that

3  he should "take a look at the age of the engineers on your [Mr. Chavez] team," noting that they

4  were significantly younger than he and that he would be unable to compete with them, due to

5  their age advantage.

6      3.10  Prior to taking medical leave, Mr. Chavez never had a negative performance

7  review.  After returning from medical leave, Mr. Kopal consistently told Mr. Chavez that his

8  work was inadequate and threatened to put him on a Performance Improvement Plan (PIP),

9  which he never did. Even upon return, Mr. Chavez's work product was never criticized by

10  others, he timely completed assignments, and interacted well with his team. Simply put, he was

11  always a productive member of Mr. Kopal's team.

12      3.11  On April 10, 2019, Mr. Kopal surprised Mr. Chavez by telling him to follow him

13  to a conference room for an unscheduled meeting. It was then that Mr. Kopal refused to approve

14  reasonable accommodations Mr. Chavez's physician had previously instructed, as described

15  above. Mr. Kopal then suggested that Mr. Chavez quit in the next three weeks. He told Mr.

16  Chavez he wanted to be able to seek approval from Philip Fitzsimmons to find his replacement.

17  Mr. Kopal then announced that Mr. Chavez's accommodations request could not be approved,

18  because it would "hurt the business" and that an alternative accommodation of two remote days

19  per month would be acceptable.

20      3.12  On April 11, 2019, Mr. Kopal scheduled another one-on-one meeting to discuss

21  Mr. Chavez's compensation. He told Mr. Chavez that he would not be receiving any changes to

22  his compensation due to his lack of performance. As of April 11, 2019, given that Mr. Chavez

23  had still never received a negative performance review from Amazon (or any other employer),

24

COMPLAINT  – 4

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

1    he was shocked by Mr. Kopal's position. In response, he asked Mr. Kopal how he could

2    improve and keep his job. Mr. Kopal's only response was to suggest Mr. Chavez leave Amazon.

3         3.13  On April 28, 2019, Mr. Chavez sent Mr. Kopal a text message informing him he

4    had another seizure earlier in the day and would not be in the office the next day (April 29,

5    2019). Mr. Kopal did not respond.

6         3.14  On April 29, 2019, despite Mr. Chavez's prior request for a day off to recover, out

7    of concern Mr. Kopal would retaliate, Mr. Chavez worked four hours from his home. He thus

8    entered four hours of sick time instead of eight hours, having worked a half day. When Mr.

9    Chavez returned to the office on April 30, 2019, Mr. Kopal aggressively told him to adjust his

10   sick time to eight hours in spite of Mr. Chavez explaining that he had worked a partial day on

11   April 29, 2019. Due to Mr. Kopal's level of hostility, and out of concern for his job security,

12   Mr. Chavez adjusted his time to reflect eight hours of sick leave. On April 30, 2019, Heidi

13   Kucera Taylor, an Amazon Human Resources representative, told Mr. Chavez that Mr. Kopal's

14   instructions were wrong and that Mr. Chavez should get credit for the four hours of time he

15   worked on April 29, 2019.

16        3.15  On May 2, 2019, Mr. Kopal scheduled another one-on-one meeting with Mr.

17   Chavez. In this meeting, Mr. Kopal again told Mr. Chavez he was underperforming without an

18   explanation as to how he was underperforming. Mr. Chavez still had yet to receive a negative

19   performance review from Amazon.  During this meeting, Mr. Kopal yet again insisted he leave

20   Amazon. He repeatedly asked Mr. Chavez if he was going to quit. Mr. Chavez told him no.  Mr.

21   Kopal then responded by telling him that he is going to "talk to HR and you [Mr. Chavez] will

22   hear your options soon."

23        3.16  Due to the increase of seizures associated with extreme levels of stress and

24   depression Mr. Chavez was experiencing as a result of Mr. Kopal's unwillingness to

COMPLAINT  – 5

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

1  accommodate his disability and Mr. Kopal's overarching hostility towards him, Mr. Chavez

2  submitted an email to his HR representative, Jennifer Zumek, informing her of his intent to

3  resign. She did not respond.

4    3.17    Aside from the one-on-one meetings discussed above, Mr. Kopal became, on a

5  continual basis, very aggressive as a manager towards Mr. Chavez. He berated Mr. Chavez in

6  front of his co-workers on a regular basis. Mr. Kopal's continual, vague threats to Mr. Chavez

7  exacerbated his stress levels and worsened his seizures. Mr. Kopal's refusal to even discuss the

8  reasonable accommodation proposed by Mr. Chavez's physician further aggravated Mr.

9  Chavez's health condition.

10    3.18    Mr. Chavez had no intention to leave Amazon. He was previously committed to

11  growing his career with this employer. Prior to leaving, he, on numerous occasions, attempted to

12  involve Amazon's Human Resources hoping to better his work environment, manage his

13  seizures, and lower his stress levels. Mr. Chavez's request to work at home up to two days per

14  week (supported by a physician's note) was denied by Amazon. His attempts to engage in

15  discussions related to obtaining a reasonable workplace accommodation were ignored by

16  Amazon.  No meaningful reason was provided as to why Amazon could not grant Mr. Chavez's

17  request to work two days a week at home. Ironically, Mr. Chavez observed other employees

18  including team members working from home regularly.

19    3.19    Mr. Chavez also asked Amazon Human Resources for assistance in his dealings

20  with his manager, Mr. Kopal. Mr. Chavez's relationship with Mr. Kopal rapidly deteriorated

21  when he returned from medical leave and proposed a reasonable accommodation. Mr. Chavez

22  was hopeful Human Resources would intercede. Amazon refused to intervene and did not protect

23  Mr. Chavez from Mr. Kopal's harassing and demeaning treatment.

24

COMPLAINT  – 6

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

3.20    In all, Amazon did nothing to meaningfully respond to—much less provide reasonable accommodation for—Mr. Chavez's disability. Amazon also failed to protect Mr. Chavez from the harassment he faced from Mr. Kopal.

## IV.    FEDERAL CAUSES OF ACTION FOR DISCRIMINATION AND RETALIATION

4.1    Amazon's willful and unlawful conduct described herein discriminated against Mr. Chavez based upon his disability in violation of federal law.

4.2    Mr. Chavez engaged in protected activity and Amazon retaliated against him for such activities in violation of federal law.

4.3    Amazon's actions constituted discrimination and retaliation against Mr. Chavez in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101-02.

4.4    Mr. Chavez filed a charge of discrimination with EEOC on November 19, 2019. The EEOC issued Mr. Chavez a "Right to Sue" Letter on October 5, 2020.

4.5    Under the ADA, Mr. Chavez is entitled to recover actual and compensatory, economic and non-economic, special and general damages, liquidated damages, punitive damages, as well as attorneys' fees and litigation expenses and an enhanced award to offset any negative tax consequences.

## V.    SECOND CAUSE OF ACTION DISCRIMINATION AND RETALIATION – RCW 49.60

5.1    Amazon's conduct described herein constitutes illegal discrimination against Mr. Chavez based upon his disability in violation of Washington's Law Against Discrimination, RCW 49.60 et seq.

5.2    Amazon's conduct described herein constitutes illegal retaliation against Mr. Chavez in violation of Washington's Law Against Discrimination, RCW 49.60.210.

COMPLAINT  – 7

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

5.3     Under Washington's Law Against Discrimination, Mr. Chavez is entitled to recover all actual and compensatory, economic and non-economic, special and general damages, as well as attorneys' fees and litigation expenses and an enhanced award to offset any negative tax consequences.

## VI.     THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

6.1     Amazon owed Mr. Chavez duty not to discharge him if the discharge would contravene a clear mandate of public policy.

6.2     A wrongful termination in violation of public policy occurs when an employer terminates an employee as a result of his or her (1) refusal to commit an illegal act, (2) performance of a public duty or obligation, (3) exercise of a legal right or privilege, or (4) in retaliation for reporting employer misconduct.

6.3     Mr. Chavez engaged in protected activity under Washington law when he requested reasonable accommodation.

6.4     Mr. Kopal made the work conditions for Mr. Chavez so intolerable that any reasonable person in Mr. Chavez's position would have felt compelled to resign.

6.5     Amazon's wrongful actions in violation of public policy were a proximate cause of damage to Mr. Chavez, including past wage loss and benefits, future wage loss and benefits, emotional distress, as well as attorneys' fees and litigation expenses and other damages to be proven at trial.

## PRAYER FOR RELIEF AND JURY DEMAND

Plaintiff, Michael Chavez, asks the Court for the following relief:

1.  For judgment against Defendant Amazon for all actual and compensatory, economic and non-economic, general and special damages as allowed by law;

COMPLAINT  – 8

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

2. For all punitive damages allowed by law;

3. For all costs, expenses of litigation, interest, and reasonable attorneys' fees as allowed by law;

4. For trial by jury; and

5. For such other relief as the court deems just and equitable.

Dated this 4th day of January, 2021

MIX SANDERS THOMPSON, PLLC


s/Michael G. Sanders
Michael G. Sanders, WSBA No. 33881
Mix Sanders Thompson, PLLC
1420 5th Avenue, Ste. 2200
Seattle, WA 98101
Ph: (206) 521-5989
Fx: (888) 521-5980
michael@mixsanders.com
Attorney for Defendants

COMPLAINT  – 9

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980