1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

MICHAEL CHAVEZ,

                Plaintiff,

v.

AMAZON WEB SERVICES, INC., a
Delaware Corporation,

                Defendant.

No. 2:21-cv-00007 BJR

AMENDED COMPLAINT FOR
DAMAGES

**JURY TRIAL REQUESTED**

     Plaintiff Michael Chavez, through his undersigned attorneys of record, brings this action

against Defendant Amazon Web Services, Inc. ("Amazon") for damages as follows.

**I.      JURISDICTION AND VENUE**

     1.1    This Complaint asserts claims of discrimination and retaliation based on the

Americans with Disabilities Act ("ADA") 42. U.S.C. § 12101-02, and Jurisdiction is conferred

on this court by 28 U.S.C. § 1331.

     1.2    This Complaint also asserts state law claims for discrimination and retaliation in

violation of RCW Chapter 49.60, as well as state law claims of wrongful termination in violation

of public policy over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. §

1367.

AMENDED COMPLAINT – 1

2:21-cv-00007 BJR

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel: 206-521-5989
Fax: 888-521-5980

1      1.3      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 where

2  Defendant does business and where the unlawful acts or omissions giving rise to this claim

3  occurred.

4                          **II.      PARTIES**

5      2.1      Plaintiff Michael Chavez resides in King County, Washington and performed his

6  work for Defendant in Seattle, King County, Washington.

7      2.2      At all times relevant to this action, Defendant Amazon Web Services, Inc.

8  ("Amazon") was a Delaware corporation, with its principal place of business in Seattle,

9  Washington. Defendant Amazon does business throughout the United States, including the State

10  of Washington where Plaintiff worked.

11

12                      **III.      STATEMENT OF FACTS**

13      3.1      Defendant Amazon is a subsidiary of Amazon.com, a multinational technology

14  company based in Seattle, Washington, that focuses on e-commerce, cloud computing, digital

15  streaming, and artificial intelligence.

16      3.2      Defendant Amazon focuses on providing on-demand cloud computing platforms

17  and APIs (Application Programming Interface) to individuals, companies, and governments, on a

18  metered pay-as-you-go basis.

19      3.3      Defendant Amazon employs over twenty-five thousand employees.

20      3.4      Mr. Chavez began working for Amazon on September 5, 2017.  Mr. Chavez was

21  hired as a "Business Analyst 5."  He worked forty hours per week on a Monday through Friday

22  schedule.  Typically, Mr. Chavez worked in the Amazon offices located at 1915 Terry Ave

23  Seattle, WA 98101. There were nine co-workers assigned to his team. He was the sole Business

24

AMENDED COMPLAINT – 2

2:21-cv-00007 BJR

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

1    Analyst for his team. Many of his co-workers were permitted to work remotely in the alternative

2    to working onsite.

3        3.5    Between his hire date and April 2018, Mr. Chavez suffered from a decline in

4    health due to an increase in epileptic episodes (seizures). Mr. Chavez was told by his physician

5    they were stress induced. Per physician-instruction, Mr. Chavez applied for a Medical Leave of

6    Absence with Amazon in April 2018 and was approved by Amazon for six months of medical

7    leave due to his declining health.

8        3.6    Mr. Chavez's leave was extended until February 19, 2019 on account of his health

9    condition. Amazon approved this extension.

10       3.7    On the second week of his return to work, about March 5, 2019, Mr. Chavez's

11   manager, Samir Kopal, scheduled a one-on-one meeting with him to discuss his transition back

12   to full-time work. During the meeting, Mr. Kopal told Mr. Chavez that he would be given an

13   opportunity to transition slowly back into working so that he could be successful.

14       3.8    Upon returning to work, Mr. Chavez emailed Amazon's Human Resources

15   department to request a reasonable accommodation in the form of a flexible schedule for the

16   times Mr. Chavez were to endure an epileptic event. Mr. Chavez requested that he be able to

17   work from home one to two days per week, if necessary during those times. Mr. Chavez

18   received instructions on how to file a reasonable accommodation request in accordance with the

19   ADA and Amazon's internal policy and did so, including submitting a letter signed by his

20   doctor stating that his request was medically necessary. Mr. Chavez's submission was

21   completed on about March 4, 2019.

22       3.9    Mr. Chavez's request was not approved. Instead, on April 30, 2019, Amazon

23   approved an accommodation of two days of remote work per month, which did not address Mr.

24   Chavez's condition adequately.

AMENDED COMPLAINT – 3

2:21-cv-00007 BJR

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

1

2

3

4

5

6

7

8

9

3.10  In the timeframe Mr. Chavez's request for an accommodation was pending, on April 2, 2019, Mr. Kopal scheduled a second one-on-one meeting with Mr. Chavez. In this meeting, Mr. Chavez told him that he was interested in becoming an engineer at Amazon. Mr. Kopal responded by laughing. Mr. Kopal then told Mr. Chavez should "take [his] Amazon badge and go join a startup." Mr. Kopal then told him how he is too slow in completing tasks and not performing at his job's required performance level. Mr. Kopal also told Mr. Chavez that he should "take a look at the age of the engineers on your [Mr. Chavez] team," noting that they were significantly younger than he and that he would be unable to compete with them, due to their age advantage.

10

11

12

13

14

15

3.11  Prior to taking medical leave, Mr. Chavez never had a negative performance review.  After returning from medical leave, Mr. Kopal consistently told Mr. Chavez that his work was inadequate and threatened to put him on a Performance Improvement Plan (PIP), which he never did. Even upon return, Mr. Chavez's work product was never criticized by others, he timely completed assignments, and interacted well with his team. Simply put, he was always a productive member of Mr. Kopal's team.

16

17

18

19

20

21

22

23

3.12  On April 10, 2019, Mr. Kopal surprised Mr. Chavez by telling him to follow him to a conference room for an unscheduled meeting. It was then that Mr. Kopal refused to approve reasonable accommodations Mr. Chavez's physician had previously instructed, as described above. Mr. Kopal then suggested that Mr. Chavez quit in the next three weeks. He told Mr. Chavez he wanted to be able to seek approval from Philip Fitzsimmons to find his replacement. Mr. Kopal then announced that Mr. Chavez's accommodations request could not be approved, because it would "hurt the business" and that an alternative accommodation of two remote days per month would be acceptable.

24

AMENDED COMPLAINT – 4

2:21-cv-00007 BJR

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

1        3.13  On April 11, 2019, Mr. Kopal scheduled another one-on-one meeting to discuss

2 Mr. Chavez's compensation. He told Mr. Chavez that he would not be receiving any changes to

3 his compensation due to his lack of performance. As of April 11, 2019, given that Mr. Chavez

4 had still never received a negative performance review from Amazon (or any other employer),

5 he was shocked by Mr. Kopal's position. In response, he asked Mr. Kopal how he could

6 improve and keep his job. Mr. Kopal's only response was to suggest Mr. Chavez leave Amazon.

7        3.14  On April 28, 2019, Mr. Chavez sent Mr. Kopal a text message informing him he

8 had another seizure earlier in the day and would not be in the office the next day (April 29,

9 2019). Mr. Kopal did not respond.

10        3.15  On April 29, 2019, despite Mr. Chavez's prior request for a day off to recover, out

11 of concern Mr. Kopal would retaliate, Mr. Chavez worked four hours from his home. He thus

12 entered four hours of sick time instead of eight hours, having worked a half day. When Mr.

13 Chavez returned to the office on April 30, 2019, Mr. Kopal aggressively told him to adjust his

14 sick time to eight hours in spite of Mr. Chavez explaining that he had worked a partial day on

15 April 29, 2019. Due to Mr. Kopal's level of hostility, and out of concern for his job security,

16 Mr. Chavez adjusted his time to reflect eight hours of sick leave. On April 30, 2019, Heidi

17 Kucera Taylor, an Amazon Human Resources representative, told Mr. Chavez that Mr. Kopal's

18 instructions were wrong and that Mr. Chavez should get credit for the four hours of time he

19 worked on April 29, 2019.

20        3.16  On May 2, 2019, Mr. Kopal scheduled another one-on-one meeting with Mr.

21 Chavez. In this meeting, Mr. Kopal again told Mr. Chavez he was underperforming without an

22 explanation as to how he was underperforming. Mr. Chavez still had yet to receive a negative

23 performance review from Amazon.  During this meeting, Mr. Kopal yet again insisted he leave

24 Amazon. He repeatedly asked Mr. Chavez if he was going to quit. Mr. Chavez told him no.  Mr.

AMENDED COMPLAINT – 5

2:21-cv-00007 BJR

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

1  Kopal then responded by telling him that he is going to "talk to HR and you [Mr. Chavez] will

2  hear your options soon."

3       3.17  Due to the increase of seizures associated with extreme levels of stress and

4  depression Mr. Chavez was experiencing as a result of Mr. Kopal's unwillingness to

5  accommodate his disability and Mr. Kopal's overarching hostility towards him, Mr. Chavez

6  submitted an email to his HR representative, Jennifer Zumek, informing her of his intent to

7  resign. She did not respond.

8       3.18  Aside from the one-on-one meetings discussed above, Mr. Kopal became, on a

9  continual basis, very aggressive as a manager towards Mr. Chavez. He berated Mr. Chavez in

10  front of his co-workers on a regular basis. Mr. Kopal's continual, vague threats to Mr. Chavez

11  exacerbated his stress levels and worsened his seizures. Mr. Kopal's refusal to even discuss the

12  reasonable accommodation proposed by Mr. Chavez's physician further aggravated Mr.

13  Chavez's health condition.

14       3.19  Mr. Chavez had no intention to leave Amazon. He was previously committed to

15  growing his career with this employer. Prior to leaving, he, on numerous occasions, attempted to

16  involve Amazon's Human Resources hoping to better his work environment, manage his

17  seizures, and lower his stress levels. Mr. Chavez's request to work at home up to two days per

18  week (supported by a physician's note) was denied by Amazon. His attempts to engage in

19  discussions related to obtaining a reasonable workplace accommodation were ignored by

20  Amazon.  No meaningful reason was provided as to why Amazon could not grant Mr. Chavez's

21  request to work two days a week at home. Ironically, Mr. Chavez observed other employees

22  including team members working from home regularly.

23       3.20  Mr. Chavez's relationship with Mr. Kopal rapidly deteriorated when he returned

24  from medical leave and proposed a reasonable accommodation. Mr. Chavez was hopeful Human

AMENDED COMPLAINT – 6

2:21-cv-00007 BJR

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

1    Resources would intercede. Amazon refused to intervene and did not protect Mr. Chavez from

2    Mr. Kopal's harassing and demeaning treatment.

3           3.21    In all, Amazon did nothing to meaningfully respond to—much less provide

4    reasonable accommodation for—Mr. Chavez's disability. Amazon also failed to protect Mr.

5    Chavez from the harassment he faced from Mr. Kopal.

6                        **IV.      FEDERAL CAUSES OF ACTION FOR**
                              **DISCRIMINATION AND RETALIATION**
7
             4.1    Amazon's willful and unlawful conduct described herein discriminated against
8
     Mr. Chavez based upon his disability in violation of federal law.
9
             4.2    Mr. Chavez engaged in protected activity and Amazon retaliated against him for
10
     such activities in violation of federal law.
11
             4.3    Amazon's actions constituted discrimination and retaliation against Mr. Chavez in
12
     violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101-02.
13
             4.4    Mr. Chavez filed a charge of discrimination with EEOC on November 19, 2019.
14
     The EEOC issued Mr. Chavez a "Right to Sue" Letter on October 5, 2020.
15
             4.5    Under the ADA, Mr. Chavez is entitled to recover actual and compensatory,
16
     economic and non-economic, special and general damages, liquidated damages, punitive
17
     damages, as well as attorneys' fees and litigation expenses and an enhanced award to offset any
18
     negative tax consequences.
19
                              **V.      SECOND CAUSE OF ACTION**
20                      **DISCRIMINATION AND RETALIATION – RCW 49.60**

21           5.1    Amazon's conduct described herein constitutes illegal discrimination against Mr.

22   Chavez based upon his disability in violation of Washington's Law Against Discrimination,

23   RCW 49.60 et seq.

24

5.2     Amazon's conduct described herein constitutes illegal retaliation against Mr. Chavez in violation of Washington's Law Against Discrimination, RCW 49.60.210.

5.3     Under Washington's Law Against Discrimination, Mr. Chavez is entitled to recover all actual and compensatory, economic and non-economic, special and general damages, as well as attorneys' fees and litigation expenses and an enhanced award to offset any negative tax consequences.

## VI.     THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

6.1     Amazon owed Mr. Chavez duty not to discharge him if the discharge would contravene a clear mandate of public policy.

6.2     A wrongful termination in violation of public policy occurs when an employer terminates an employee as a result of his or her (1) refusal to commit an illegal act, (2) performance of a public duty or obligation, (3) exercise of a legal right or privilege, or (4) in retaliation for reporting employer misconduct.

6.3     Mr. Chavez engaged in protected activity under Washington law when he requested reasonable accommodation.

6.4     Mr. Kopal made the work conditions for Mr. Chavez so intolerable that any reasonable person in Mr. Chavez's position would have felt compelled to resign.

6.5     Amazon's wrongful actions in violation of public policy were a proximate cause of damage to Mr. Chavez, including past wage loss and benefits, future wage loss and benefits, emotional distress, as well as attorneys' fees and litigation expenses and other damages to be proven at trial.

### PRAYER FOR RELIEF AND JURY DEMAND

Plaintiff, Michael Chavez, asks the Court for the following relief:

AMENDED COMPLAINT – 8

2:21-cv-00007 BJR

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

1.  For judgment against Defendant Amazon for all actual and compensatory, economic and non-economic, general and special damages as allowed by law;

2.  For all punitive damages allowed by law;

3.  For all costs, expenses of litigation, interest, and reasonable attorneys' fees as allowed by law;

4.  For trial by jury; and

5.  For such other relief as the court deems just and equitable.

Dated this 5th day of February, 2021

MIX SANDERS THOMPSON, PLLC

s/Michael G. Sanders
Michael G. Sanders, WSBA No. 33881
Brian (Heyun) Rho, WSBA No. 51209
Mix Sanders Thompson, PLLC
1420 5th Avenue, Ste. 2200
Seattle, WA 98101
Ph: (206) 521-5989
Fx: (888) 521-5980
michael@mixsanders.com
brian@mixsanders.com
Attorney for Defendants

AMENDED COMPLAINT – 9

2:21-cv-00007 BJR