THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL CHAVEZ, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON WEB SERVICES, INC., a Delaware Corporation,<br><br>　　　　　　Defendant. | No. 2:21-cv-00007-BJR<br><br>DEFENDANT AMAZON WEB SERVICES, INC.'S ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES |

Defendant Amazon Web Services, Inc. ("Defendant" or "Amazon") answers Plaintiff Michael Chavez's Complaint as follows, in paragraphs numbered to correspond to the paragraph numbers in the Complaint:

## I.　　JURISDICTION AND VENUE

　　1.1　　Paragraph 1.1 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph.

　　1.2　　Paragraph 1.2 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph.

　　1.3　　Paragraph 1.3 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph.

ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES
(No. 2:21-cv-00007-BJR) –1
151062751.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## II.    PARTIES

2.1    Amazon admits Plaintiff performed work for it in Seattle, King County, Washington. Amazon lacks sufficient information to answer as to Mr. Chavez's place of residence. Amazon denies the remaining allegations of Paragraph 2.1.

2.2    Amazon admits the allegations of Paragraph 2.2.

## III.    STATEMENT OF FACTS

3.1    Amazon admits it is a subsidiary of Amazon.com, Inc., a multinational company headquartered in Seattle, Washington that engages in a variety of businesses, including e-commerce.  Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.1.

3.2    Amazon admits it provides on-demand cloud computing platforms and Application Programming Interface (API) management, among other things, to individuals, companies, and governments, on a "pay-as-you-go" approach for several cloud services. Amazon denies the remaining allegations of Paragraph 3.2.

3.3    Amazon admits that it employs more than twenty-five thousand people.

3.4    Amazon admits that Plaintiff began working for it on September 5, 2017, that he was hired as a Business Analyst II, that he worked in Amazon's downtown Seattle offices, that he was the sole business analyst on his team, and that he was one of nine employees who reported to his supervisor at the time he was hired. Amazon denies the remaining allegations of Paragraph 3.4.

3.5    Amazon admits Mr. Chavez applied for medical leave April 23, 2018 and that his request was approved. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.5.

3.6    Amazon admits that Mr. Chavez's leave was extended through February 18, 2019. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.6.

ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES
(No. 2:21-cv-00007-BJR) –2

151062751.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

3.7     Amazon admits Mr. Kopal met with Mr. Chavez on or around March 5, 2019 and that Mr. Kopal told Mr. Chavez he would have the opportunity to transition slowly back into work so that he could be successful. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.7.

3.8     Amazon admits that Mr. Chavez sent an email requesting an accommodation, received a response, and later filed an accommodation request with a letter signed by his doctor. Those documents speak for themselves.  Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.8.

3.9     Amazon denies the allegations of Paragraph 3.9.

3.10    Amazon admits Mr. Chavez's manager, Samir Kopal, met with Mr. Chavez on April 2, 2019 and they discussed Mr. Chavez's interest in becoming a software development engineer. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.10.

3.11    Amazon denies the allegations of Paragraph 3.11.

3.12    Amazon denies the allegations of Paragraph 3.12.

3.13    Amazon admits that in April 2019, Amazon assigned Mr. Chavez a "Least Effective" rating for work he performed in 2018 before taking leave, which made him ineligible for compensation increases. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.13.

3.14    Amazon admits Mr. Chavez sent Mr. Kopal a chat message on April 28, 2019 saying he had a seizure earlier in the day and would not be in the office the following day, April 29, 2019.  Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.14.

3.15    Amazon admits that Heidi Kucera Taylor emailed Mr. Chavez on April 30, 2019, indicating he could delete previously submitted time off for several dates in April, including

ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES
(No. 2:21-cv-00007-BJR) –3

151062751.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

April 29, 2019 as part of the pending accommodation review. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.15.

3.16   Amazon admits Mr. Kopal met with Mr. Chavez on May 2, 2019. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.16.

3.17   Amazon admits Mr. Chavez emailed Jennifer Zumek on May 2, 2019, expressing his intent to resign. Ms. Zumek replied the following day. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.17.

3.18   Amazon denies the allegations of Paragraph 3.18.

3.19   Amazon lacks sufficient information to answer as to Mr. Chavez's intentions and career plans. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.19.

3.20   Amazon admits Mr. Chavez expressed concerns over his relationship with Mr. Kopal to the Amazon HR department. Amazon investigated Mr. Chavez's concerns and concluded his complaints were unsubstantiated. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 3.20.

3.21   Amazon denies the allegations of Paragraph 3.21.

## IV.   FEDERAL CAUSES OF ACTION

*FOR DISCRIMINATION AND RETALIATION*

4.1   Paragraph 4.1 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph.  To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 4.1.

4.2   Paragraph 4.2 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph. To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 4.2.

ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES
(No. 2:21-cv-00007-BJR) –4
151062751.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

4.3     Paragraph 4.3 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph. To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 4.3.

4.4     Amazon admits Plaintiff filed a discrimination charge with the EEOC and that the EEOC issued Mr. Chavez a "Right to Sue" letter dated October 5, 2020. Except as expressly admitted, the allegations of Paragraph 4.4 are denied.

4.5     The allegations in Paragraph 4.5 are statements of Plaintiff's claims and/or legal conclusions for which an answer is not required. To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 4.5.

## V.     SECOND CAUSE OF ACTION

*DISCRIMINATION AND RETALIATION - RCW 49.60*

5.1     Paragraph 5.1 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph. To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 5.1.

5.2     Paragraph 5.2 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph. To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 5.2.

5.3     Paragraph 5.3 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph. To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 5.3.

## VI.     THIRD CAUSE OF ACTION

*WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY*

6.1     Paragraph 6.1 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph. To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 6.1.

ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES
(No. 2:21-cv-00007-BJR) –5

151062751.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

6.2   Paragraph 6.2 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph.  To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 6.2.

6.3   Paragraph 6.3 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph. To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 6.3.

6.4   Paragraph 6.4 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph. To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 6.4.

6.5   Paragraph 6.5 of the Complaint states legal conclusions for which no answer is required, and Amazon therefore denies the allegations of this paragraph. To the extent the paragraph contains factual allegations, Amazon denies the allegations of Paragraph 6.5.

## ANSWER

## AFFIRMATIVE DEFENSES

Defendant further responds to Plaintiff's Complaint by alleging the following affirmative defenses:

1.   Plaintiff fails to state a claim upon which relief can be granted, in whole or in part.

2.   Plaintiff's claims are barred, in whole or in part, by one or more applicable statutes of limitation and/or by the doctrine of laches.

3.   Plaintiff's claims may be barred, in whole or in part because Plaintiff failed to exhaust his administrative remedies.

4.   Plaintiff's claims are barred, in whole or in part, because all employment decisions made by Amazon regarding Mr. Chavez were based upon legitimate, non-retaliatory factors unrelated to any unlawful purpose or intent. Even assuming impermissible factors were

ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES
(No. 2:21-cv-00007-BJR) –6

151062751.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

considered, which Amazon expressly denies, the same decisions would have been made with respect to Mr. Chavez even absent such considerations.

5. Plaintiff's claims are barred, in whole or in part, because Amazon has undertaken a good faith effort to comply with all applicable laws and has never acted with malice or with reckless indifference to Plaintiff's legally protected rights.

6. Plaintiff failed to engage in the interactive process.

7. To the extent that Plaintiff had a disability, the disability prevented Plaintiff from performing the essential functions of his job.

8. To the extent that Plaintiff had a disability, Amazon reasonably accommodated that disability and/or Plaintiff prevented Amazon from reasonably accommodating that disability.

9. Plaintiff's claims are barred, in whole or in part, because any accommodations requested by Plaintiff, or which Plaintiff may now claim he should have received, would have required Amazon to eliminate an essential function of an existing position, would have imposed an undue hardship on Amazon's operation of its business, or were not medically necessary.

10. Plaintiff contributed or caused his own damages—the existence of which Amazon specifically denies—by his own actions, omissions, misconduct, and/or negligence.

11. Plaintiff's claims may be barred, in whole or in part, by his failure to mitigate his damages. Alternatively, Plaintiff's claims for relief must be set off and/or reduced by wages, compensation, pay, benefits, and other earnings, remuneration, and profits received by Plaintiff.

12. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, ratification and/or acquiescence, and unclean hands.

To the extent necessary, Amazon's answers to the Complaint shall be designated as defenses or affirmative defenses. Amazon reserves the right to amend its Answer to add additional defenses and affirmative defenses if warranted after discovery.

ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES
(No. 2:21-cv-00007-BJR) –7
151062751.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**PRAYER FOR RELIEF**

Having answered Plaintiff's Complaint and having asserted affirmative defenses, Defendant requests the following relief:

    A.    Dismissal of Plaintiff's Complaint and claims in their entirety with prejudice;

    B.    Entry of judgment in favor of Defendant;

    C.    Defendant's costs of suit, including reasonable attorneys' fees; and

    E.    Such other relief as the Court may deem just and proper.

DATED: February 12, 2021

By: *s/ Kevin J. Hamilton*
Kevin J. Hamilton, WSBA No. 15648
Margo S. Jasukaitis, WSBA No. 57045
Attorneys for Defendant
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: KHamilton@perkinscoie.com
Email: MJasukaitis@perkinscoie.com

ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES
(No. 2:21-cv-00007-BJR) –8

151062751.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000